UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMNITRACS, LLC AND XRS CORPORATION,<br><br>                         Plaintiffs,<br><br>v.<br><br><br>PLATFORM SCIENCE, INC.,<br><br>                         Defendant. | Case No.:  20-cv-00958-CAB-DDL<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

The parties jointly move for entry of an agreed-upon amended protective order.  Dkt. No. 173.  Good cause appearing, the Court **GRANTS** the request and **ORDERS** as follows:

The Court recognizes that at least some of the Materials (as defined below) being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the Parties.  The Parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The Materials to be exchanged throughout the course of the litigation between the Parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil

///

1

Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation.

## I.    DEFINITIONS

1.    The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.    The term "Materials" means items or information that are produced, disclosed, or generated in connection with discovery in this matter, including documents, deposition testimony, or discovery responses, and includes, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; source code; and models, prototypes, and other physical objects.

3.    The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of outside counsel of record.

## II.    GENERAL RULES

1.    Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the

producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.      Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

3.      Designation as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

4.      Designation as "HIGHLY CONFIDENTIAL - SOURCE CODE": Any party may designate information as "HIGHLY CONFIDENTIAL - SOURCE CODE" only if, in the good faith belief of such party and its counsel, the information is confidential, proprietary or trade secret source code, associated comments and revision histories, or pseudo-code or other algorithms describing the software design, or technical design documentation that comprises, includes, or substantially discloses source code or algorithms ("Source Code").  For information designated "HIGHLY CONFIDENTIAL - SOURCE CODE," the following additional restrictions apply:

a.      Unless otherwise agreed by the producing party, any Source Code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be made available for inspection, upon at least five (5) business days' notice by the receiving party, in a format allowing it to be reasonably reviewed and searched, during normal business hours, which for purposes of this paragraph shall be 9:00 AM through 5:00 PM local time at the reviewing location, or at other mutually agreeable times, at a mutually agreed upon location ///

where counsel for the party has a staffed office.[1]   The producing party shall make reasonable efforts to accommodate the receiving party's request for access to the computer outside of normal business hours on a business day.  If the receiving party wishes to inspect Source Code outside of a normal business day, the parties shall meet and confer to determine whether it is possible on the requested date(s) and a whether the receiving party should pay any costs associated with such inspection.  The Source Code shall be made available for inspection on one standalone, secured computer in a secured room without internet access or network access to other computers, and without connection to any printer or storage device other than the internal hard disk drive of the computer, and the receiving party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.[2] The parties are to cooperate in good faith such that maintaining the Source Code at the offices of the producing party's outside litigation counsel shall not unreasonably hinder the receiving party's ability to efficiently conduct the prosecution or defense in this litigation. The producing party or its Counsel may visually monitor the activities of the receiving party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. There will be no video supervision by any producing party. The receiving party may take notes in a separately encrypted and/or password protected file, folder or container on a secured laptop but may not re-type or copy source code onto such device. Nothing in this Protective Order shall prevent the receiving party

---

[1]     The code will remain available at that same office unless other arrangements are made between the parties.  If a change in the inspection location is requested, an additional three days' notice before the inspection shall be provided by the requesting party.

[2]     If additional inspection computers are necessary or warranted, the parties must meet and confer in good faith to provide reasonable accommodations for at least one additional computer for inspection purposes.  If such accommodations are denied by the producing party, it shall be the receiving party's burden to establish that a second inspection computer is proportional to the needs of the case.

from claiming such notes are protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

b.      The receiving party must identify in writing to the producing party at least three (3) business days in advance the names of any person that will review the Source Code for the first time, and at least two (2) days prior to review the names of any person that was already identified at least once, and all persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room.  If requested or required by the producing party within one day of receiving notice of inspection, proof of COVID-19 vaccination, a negative COVID-19 test results within the last 24 hours, or some other medical exception to either shall be provided upon arrival.

c.      The standalone computer(s) shall, at the receiving party's request, include reasonable analysis tools appropriate for the type of Source Code. The receiving party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the producing party or its Counsel so that the producing party or its Counsel may install such tools on the standalone computer(s).

d.      The receiving party may request four (4) hard copy print outs of-limited, reasonable portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code in lieu of the inspection above.  Requests for less than 20 pages of code from any file shall be presumed to be reasonable.  All paper copies of Source Code excerpts shall be produced by the producing party within four (4) business days of the request (unless additional time is needed due to the volume requested). The producing party shall provide all such Source Code in paper form including production numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The producing party may challenge the amount of Source Code requested in hard copy form pursuant to the procedure and timeframes set ///

forth in Section III whereby the producing party is the objecting party and the receiving party is the designating party for purposes of the procedure.

        e.    The receiving party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The receiving party shall not create any electronic or other images of paper copies of Source Code and shall not convert any of the information contained in the paper copies into any electronic format except for the creation of encrypted physical media (e.g., thumb drives) in accordance with paragraph (h) below or for filing under seal with the Court. The receiving party shall only make no more than five (5) additional paper copies for use at a deposition or hearing. One hard copy of the source code may be marked as an exhibit for the deposition, and then maintained by counsel for the party presenting the exhibit during the deposition in a secured locked area. All other copies shall be destroyed immediately after the deposition is concluded by the party presenting the source code. Any paper copies used during a deposition shall not be given to or left with a court reporter or any other unauthorized individual unless approved by a producing party or its counsel.  Upon request of a receiving party within five (5) business days before a deposition, a producing party shall make copies of a reasonable number of specifically identified Source Code files available in electronic form for use by the witness at the deposition.  The producing party may challenge the amount of Source Code requested for use at the deposition by promptly notifying the requesting party in writing, where such notice shall identify all requested Source Code files the producing party refuses to make available at the deposition.  The parties will promptly meet and confer regarding the challenged Source Code files and, in the event no agreement is reached, the parties will promptly bring the dispute to the Court's attention, following the procedures outlined in Judge Leshner's Chambers Rules.[3]   The parties agree to make reasonable

---

[3]     *See* Chambers Rules of the Honorable David D. Leshner, United States Magistrate Judge, (hereafter "Chambers Rules"), *available at* https://www.casd.uscourts.gov/Judges/leshner/docs/Leshner%20Chambers%20Rules.pdf.

accommodations to modify the date of the deposition or for any extension to a schedule required by a deposition postponed under this section where the source code issues are not resolved before the date of the deposition.

f.     The receiving party may challenge the designation of Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to the procedure and timeframes set forth in Section III of this Order.

g.     All Source Code made available for inspection shall continue to be available for inspection until the litigation has terminated.  The parties must meet and confer in good faith if different notice or inspection procedures are desired for subsequent phases in the litigation.

h.     Within twenty (20) calendar days after final termination of this litigation, the receiving party must serve upon the producing party a certification of the destruction of all copies of the producing party's Source Code.

5.     In the event the producing party elects to produce Materials (other than Source Code) for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

6.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.     the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the

7

proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

b.      the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, the videographer, and the person(s) agreed upon pursuant to paragraphs 8–10 below; and

c.      the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.      All Confidential Information designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.      Information designated "CONFIDENTIAL" may only be viewed by the individuals listed below:

a.      the receiving party's Counsel in this matter;

One in-house counsel or party designee who, although not an attorney, is not primarily responsible for competitive decision-making and, who has signed the "Acknowledgement
///

8

and Agreement to Be Bound" (Appendix A), and complied with paragraph 11 of this Section II ("General Rules");

   b.   Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Appendix A) and complied with paragraph 11;

   c.   the Court, jury, and court personnel;

   d.   stenographic reporters, videographers, and/or their staff and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Appendix A);

   e.   during their depositions or at trial in this action only, any person who falls within the scope of paragraph 12 of this Section II;

   f.   mock jurors who have signed who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A), though mock jurors may not be shown materials marked as HIGHLY- CONFIDENTIAL – SOURCE CODE; and

   g.   any mediator who is assigned or selected to hear this Action and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

   9.   Information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" must be viewed only by the following individuals:

   a.   Counsel (as defined in paragraph 3 of Section I) of the receiving party;

   b.   Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Appendix A) and complied with paragraph 11;

   c.   the Court, jury and court personnel;

   d.   stenographic reporters, videographers, and/or their staff and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Appendix A);

e.      during their depositions or at trial in this action only, any person who falls within the scope of paragraph 12 of this Section II ("General Rules");

f.      mock jurors who have signed who have signed the "Acknowledgment and Agreement to Be Bound" (Appendix A); and

g.      any mediator who is assigned or selected to hear this Action and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

10.   Information designated "HIGHLY CONFIDENTIAL - SOURCE CODE" must be viewed only by the following individuals:

a.      Counsel (as defined in paragraph 3 of Section I) of the receiving party;

b.      Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Appendix A) and complied with paragraph 11;

c.      the Court, jury and court personnel;

d.      stenographic reporters, videographers, and/or their staff and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Appendix A);

e.      during their depositions or at trial in this action only, any person who falls within the scope of paragraph 12 of this Section II ("General Rules"); and

f.      any mediator who is assigned or selected to hear this Action and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

11.   A party that seeks to disclose to an expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by another party first must:

a.      Make a written request to the other party that (1) sets forth the person's full name and the city and state of his or her primary residence, (2) attaches a copy of the

person's current resume, (3) identifies the person's current employer(s), title(s), and a general description of their responsibilities or projects, (4) identifies each person or entity from whom the person has received compensation or funding for work in his or her areas of expertise or to whom the person has provided professional services, including in connection with a litigation, at any time during the preceding four years, (5) identifies (by name and number of the case, filing date, location of court if available, and general subject matter) any litigation in connection with which the person has testified, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years, and (6) identifies any patents or patent application in which the expert is an applicant, inventor, assignee or has a pecuniary interest.  The parties expressly agree that the written request requirements of this section do not constitute a waiver of any privilege or protection and do not create any discovery obligations beyond those required in the Federal Rules of Civil Procedure.

       b.    Resolve any objections to the disclosed expert.  Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within five (5) business days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the five (5) business day period has passed and no objection has been made. The approval of experts must not be unreasonably withheld.

       c.    Provide the producing party with a signed acknowledgement form by the expert, annexed hereto as Appendix A, agreeing to be bound by the terms of this Protective Order.

    12.   Except as may be otherwise ordered by the Court, any person may be examined as a witness and may testify, at a deposition and/or at trial, concerning all material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" of which such person has prior knowledge as set forth below:

20-cv-00958-CAB-DDL

a.      a present director, officer, and/or employee of a producing party may be examined at deposition and trial and may testify concerning all Confidential Information which has been produced by that Party;

b.      a former director, officer, and/or employee of a producing party may be examined at deposition and trial and may testify concerning all Confidential Information of the producing party that appears on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including Confidential Information that refers to matters of which the witness has personal knowledge, has been produced by that party, and pertains to the period of his or her employment;

c.      Non-parties, concerning any Confidential Information of a producing party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party, or a relationship with the producing party, or a representative of such producing party;

d.      Any person other than the witness, his or her attorney(s), and any person otherwise qualified to receive Confidential Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.

e.      If a witness under paragraph 6(b) or 6(c) above is represented by an attorney who is not qualified under this Order to receive Confidential Information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgment and Agreement to Be Bound" (Appendix A).  In the event that such attorney declines to sign Appendix A, prior to examination, the parties, by their attorneys, shall jointly seek a Protective Order from the Court prohibiting such attorney from disclosing such Confidential Information.

13.     All information which has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

## III.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.     Any Party may challenge a designation of confidentiality pursuant to the discovery dispute resolution procedures outlined in the Chambers Rules.

2.     The burden of persuasion in any such challenge proceeding shall be on the designating party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge.

## IV.   PROSECUTION, ACQUISITION, AND DEVELOPMENT BAR

1.     Absent written consent from the producing party, any individual who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by the opposing Party shall not be involved in the filing or prosecution of patents or patent applications relating to fleet management solutions, such as FMCSA regulatory compliance, fleet safety compliance, GPS fleet tracking, fleet route planning, and fleet communication before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").

2.     For purposes of this section, "prosecution" includes (i) preparing or prosecuting (for any person or entity) patent applications or (ii) directly or indirectly participating, drafting, amending, advising on the scope of new, amended, or proposed

patent claims that will be or are being put before the United States Patent & Trademark Office or other a similar foreign or domestic agency.  Any person representing a receiving party who has access to designated information by a producing party may participate in reexaminations, *inter partes* reviews, or other proceedings before the PTO, PTAB, or other similar foreign or domestic agency, of the receiving party's patents, but shall not be permitted to draft, amend or advise on the drafting or amendment of patent claims.

3.     The parties expressly agree that the Prosecution Bar set forth herein shall be personal to each attorney, expert, or other individual who has access to materials subject to the Prosecution Bar in this section and shall not be imputed to any other persons at that person's firm or organization.  It is expressly agreed that attorneys who work on this matter without having access to materials subject to the Prosecution Bar under this section shall not be restricted from engaging in prosecution (as that term is defined herein) on matters that fall within the Prosecution Bar.

4.     Absent written consent from the producing party, any individual who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by the opposing Party shall not be involved in activity related to the acquisition of patents or patent applications for potential assertion against the opposing Party or the development of products and services relating to fleet management solutions, such as FMCSA regulatory compliance, fleet safety compliance, GPS fleet tracking, fleet route planning, and fleet communication or advising or counseling clients regarding the same.  This Acquisition Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final disposition of this action.

5.     This Prosecution and Acquisition Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final disposition of this action.

## V.    CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1.    If a party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any material designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

a.    promptly notify in writing the designating party.  Such notification shall include a copy of the subpoena or Court order;

b.    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

c.    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

2.    If the designating party timely[4] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission.  The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

## VI.    NON-PARTY'S CONFIDENTIAL INFORMATION SOUGHT TO BE

_____

[4]    The designating party shall have at least 14 days from the service of the notification pursuant to Section V.1.a to seek a protective order.

**PRODUCED IN THIS LITIGATION**

1.      The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

2.      In the event that a party is required, by a valid discovery request, to produce a non-party's Confidential Information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's Confidential Information, then the party shall:

    a.      promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

    b.      promptly provide the non-party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c.      make the information requested available for inspection by the non-party.

3.      If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the receiving party may produce the non-party's Confidential Information responsive to the discovery request.  If the non-party timely objects or seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court.  Absent a Court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Confidential Information.

## VII.   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE   PROTECTED MATERIAL

1.     When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other proceeding.

2.     A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection.  Within five (5) days of being notified of the inadvertent disclosure, the receiving party, regardless of whether it intends to dispute the claim of privilege or protection, must confirm to the party making the claim that it has returned or destroyed the specified information and any copies it has.  The receiving party shall not maintain the specified information or provide it to the Court in order to challenge the claim of privilege. Within fourteen (14) days of the producing party's notice and request for the return and/or destruction of privileged or protected material, the producing party shall provide a privilege log with entries for the inadvertently produced document(s).

3.     The privilege log shall provide, separately for each document, (1) all author(s), sender(s), recipient(s), of the document; (2) the date the document was created or sent; (3) the specific privilege or protection asserted; and (4) a description of the purportedly privileged or protected material sufficient to assess whether the claimed privilege or protection attaches.

4.     Parties are not required to log on their privilege logs privileged documents related to this litigation that were authored, sent, or received between the party and Counsel on or after May 26, 2020.

5.      The return and/or destruction of inadvertently produced material shall not preclude a receiving party from challenging the designation of the material.  If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the parties shall meet and confer in good faith in an effort to resolve the dispute.  If the parties are unable to resolve the dispute the receiving party may file a motion to compel the production of such document(s).  In the event of such a motion to compel, the producing party shall have the burden to demonstrate the claimed privilege, work product protection, or other privilege or immunity.

6.      On the date identified in the scheduling order, the parties will serve privilege logs, as described in paragraphs 3 and 4 of this Section VII, for Materials withheld from production on the ground of any privilege or protection.  Except as necessary to comply with Local Patent Rule 3-7, the Parties are not required to include on their privilege log any protected documents that came into existence on or after May 26, 2020.  Either party may request such documents be logged in the future at which point the Parties will meet and confer on the request.  For discrete and relevant issues, this agreement does not shield a party from any obligation to provide, upon reasonable and narrowly tailored request, information pertaining to the existence, nature, authorship, and recipients of documents for which privilege is claimed and disputed.

## VIII.  MISCELLANEOUS

1.      No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

2.      If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the designating

party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

3.     Within five business days of a request by a party, the other party shall provide a copy of any pleading, filing, or expert report offered by the other party with the other party's Confidential Information redacted so that it may be shared with the party's client.

4.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

5.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

6.     Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

7.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, expert reports, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with

respect to all such retained information. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

8. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

9. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

10. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

11. This Order may be modified by agreement of the parties, subject to approval by the Court.

12. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal.  An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel.  The parties must follow the Chambers' Rules with respect to any motion to seal.

13. The Court may modify the protective order in the interests of justice or for public policy reasons on its own initiative.

14. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be

reached.  Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

15.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

16.     If any party violates the limitations on the use of Confidential Information as described above, the party violating this Order may be subject to sanctions, or any other remedies as appropriate, as ordered by the Court.  The parties understand that inadvertent violations may occur, and agree to make best efforts to promptly correct any such violations should they arise.

17.     Each of the parties agrees to be bound by the terms of this Order as of the date counsel for such party executes this Order, even if prior to entry of this Order by the Court.

18.     This Order and the Parties' stipulation does not change, amend, or circumvent any court rule or local rule unless otherwise ordered by the Court.

19.     Export Control.  Disclosure of material produced shall be subject to all applicable laws and regulations relating to the export of technical data contained in such material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and marking such material with the caption EXPORT CONTROL or similar, and the Receiving Party shall take measures necessary to ensure compliance.

## IX.    FINAL DISPOSITION

1.     Within 60 days after the final disposition of this action, as defined in Section IV ("Duration"), each receiving party must return all Protected Material to the producing

party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) confirms all the Protected Material that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Material information for archival purposes only.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV ("Duration").

///
///
///
///
///
///
///
///
///
///
///
///

2.      Within 60 days after the final disposition of this action, as defined in Section IV ("Duration"), the parties shall submit an ex parte motion for an order authorizing return and/or destruction of their respective protected material submitted to the Court confidentially or under seal.

## X.      INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the Southern District of California is responsible for the interpretation and enforcement of this Order.   After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that material that becomes a matter of public record.

**Pursuant to stipulation, IT IS SO ORDERED**.

 Dated: October 14, 2022

_____

Hon. David D. Leshner
United States Magistrate Judge

# APPENDIX A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of California on _____ in the case of *Omnitracs, LLC et al. v. Platform Science*, *Inc.*, Case No. 3:20-cv-0958-CAB-DDL.

I have read and understand § IV concerning the Prosecution, Acquisition and Development Bar, which prohibits certain patent-related and product development activities for two-years past the final disposition of this case.

I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____


Printed name: _____
[printed name]


Signature: _____
[signature]