UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMNITRACS, LLC AND XRS CORPORATION,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PLATFORM SCIENCE, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cv-958-CAB-DDL<br><br>**ORDER ON PLAINTIFFS' MOTION FOR IPR ESTOPPEL [Doc. No. 383]** |

　　　Plaintiffs Omnitracs LLC and XRS Corporation (jointly "Omnitracs") allege defendant Platform Science, Inc. infringes U.S. Patent No. 6,925,308 ('308 patent). Platform Science petitioned for Inter Partes Review ("IPR") of the '308 patent. The challenged claims of the '308 patent were not found unpatentable.

　　　Omnitracs now moves for an order estopping Platform Science from contending in these District Court proceedings any invalidity ground Platform Science raised or reasonably could have raised during the IPR. *See* 35 U.S.C. § 315(e)(2); *see also California Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) (estoppel applies to all grounds that "reasonably could have been asserted against the claims included in the petition"). Specifically, Omnitracs contends that Platform Science should be estopped from offering invalidity defenses based on three prior art systems, alone or in

combination with other art: the Grid Data System, the Microsoft Outlook System, and the OmniTRACS system.

The party asserting estoppel bears the burdened to show, by a preponderance of the evidence, that estoppel applies. *See Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1299 (Fed. Cir. 2023).

IPR proceedings allow parties to bring a validity challenge only on the basis of prior art consisting of patents or printed publications. 35 U.S.C. § 311(b). IPR estoppel does not apply to device or system art because a petitioner cannot use an IPR to challenge the validity of a patent claim based on prior art products or systems. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, 607 F. Supp. 3d 464, 511 (D. Del. 2022) ("in general, IPR estoppel does not apply to device art").

Omnitracs asserts that written descriptions of the asserted systems were available to Platform Science and are materially identical to the systems themselves and therefore could have been raised in the IPR. Platform Science contends it intends to offer the operating systems themselves as evidence and could not have done so in the IPR.

The Court finds that Omnitracs has not demonstrated that the systems in operation are materially identical to written materials describing functions of the systems. Platform Science has offered evidence that the systems in operation perform elements of the asserted claims of the '308 patent that are not disclosed in written descriptions of the systems. The dynamic operation of the prior art systems offers relevant distinctions from printed publications describing the systems. *See Microchip Tech. Inc. v. Aptiv Servs. US LLC*, No. 1:17-CV-01194-JDW, 2020 WL 4335519, at *4 (D. Del. July 28, 2020) (finding a court need not dig into the substance of the references to determine if the physical devices do not add anything beyond the written references).

Platform Science may offer the systems, alone or in combination with printed publications, to explain a system prior art invalidity theory. Section 315 does not estop references based on physical art or combinations of physical art and written references. *See SPEX Techs. Inc. v. Kingston Tech. Corp.*, No. SACV1601790JVSAGRX, 2020 WL

4342254, at *15 (C.D. Cal. June 16, 2020) (declining to piecemeal exclude printed publications used in combination with system art).

Omnitracs' motion to estop Platform Science from relying on the identified system art is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 15, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge