UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMNITRACS, LLC AND XRS CORPORATION,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PLATFORM SCIENCE, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.:  20-cv-958-CAB-DDL<br><br>**ORDER ON DEFENDANT'S MOTION FOR RENEWED JMOL OR NEW TRIAL**<br><br>**[Doc. No. 604, 606]** |

### I.　　Background

At trial, Plaintiffs Omnitracs, LLC and XRS Corporation (jointly Omnitracs) alleged that defendant Platform Science, Inc. infringed various claims of four patents in this litigation: U.S. Patent No. 6,925,308 claims 1 and 5; U.S. Patent No. 9,262,934 claim 23; U.S. Patent No. 10,255,575 claims 1 and 11; and U.S. Patent No. 8,626,568 claims 11 and 23. [Doc. No. 513.][1]  Before the case went to the jury, Platform Science moved for Judgment as a Matter of Law (JMOL), pursuant to Fed.R.Civ.P. 50(a), on the allegations of direct and indirect infringement of each of the asserted claims, willful infringement of each asserted claim, and Omnitracs' claims for lost profits and a reasonable royalty. [Doc. No. 555.]

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

The Court granted Platform Science's motion for a finding of non-infringement as to the asserted claims of '568 patent. The remaining issues were sent to the jury. The jury returned a verdict finding willful infringement of claims 1 and 5 of the '308 patent and non-infringement of the claims of the '934 patent and the '575 patent. The jury found that Platform Science did not establish it claims of invalidity of the '308 patent. Finally, the jury awarded Omnitracs lost profits and a reasonable royalty for the infringement of the '308 patent. [Doc. No. 564.]

## II. Platform Science's Renewed Motion for JMOL and for New Trial

Platform Science now moves for renewed JMOL under Fed.R.Civ.P. 50(b), or in the alternative a new trial, under Fed.R.Civ.P. 59. [Doc. No. 604, 606.]

Platform Science's motion for JMOL seeks to set aside the jury's verdict of infringement of the asserted claims of the '308 patent, willful infringement and the award of damages. Alternatively, Platform Sciences also seeks a new trial, pursuant to Fed.R.Civ.P. 59(1)(a), on the '308 patent and a new trial on damages.

### A. Legal Standard for JMOL

Platform Science renews its motion for JMOL pursuant to Fed.R.Civ.P. 50(b). A renewed motion for JMOL is properly granted "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1242 (9th Cir. 2014), *quoting Pavao v. Pagay,* 307 F.3d 915, 918 (9th Cir. 2002). A jury's verdict must be upheld if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008).

> Reviewing a renewed motion for JMOL requires scrutiny of the entire evidentiary record, but the court must not weigh the evidence, and instead should simply ask whether the nonmoving party has presented sufficient evidence to support the jury's conclusion. In so doing, the court must draw all reasonable inferences in favor of the nonmoving party and disregard all

>evidence favorable to the moving party that the jury is not required to believe.

*Escriba*, 743 F.3d at 1242-43 (internal cites omitted.)

**B. Legal Standard for New Trial**

Alternatively, Platform Science moves for a new trial, pursuant to Fed.R.Civ.P. 59. The authority to grant a new trial is almost entirely an exercise of discretion of the district court. *See Allied Chem. Corp. v. Daiflon, Inc.* 449 U.S. 33, 36 (1980). Among the grounds for a new trial are that the verdict is against the great weight of the evidence, that the damages are excessive, or that the trial was not fair to the moving party. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).

Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has "the duty … to weigh the evidence as the court saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Id.*

**III.   '308 Patent**

The '308 patent was filed in February 2002, and expired in July 2022. The patent is for an apparatus for automatically entering information into formatted systems. [Doc. No. 1-2, at 111, Abstract.] The patent is directed to a communication terminal that receives an identification code to identify one of a plurality of pre-defined formatted messages, or macros. Each pre-defined formatted message has a plurality of information fields. The terminal based on the transmitted identification code will select the corresponding pre-defined message format, or macro, and populate the information fields of that format with information transmitted with the code to display the message to the user.

The communication terminal has a memory that stores "field-mapping" information which corresponds to the message's identification code, i.e., recognizes the pre-defined message from the code and the stores the information from the information fields of that pre-defined message.   When required, the terminal creates a response message corresponding to the original message's identification code and automatically imports

stored information from the original message's information fields into corresponding information fields in the response message. [Id., at Col. 2:36-60; Doc. No. 574, Trial Transcript ("TT"), at 37-38.] By sending only a code for the format of the original message with its specific information details, and automatically copying the information from the original message to the response message, the system reduces the time and cost of transmitting communications and minimizes the chance of operator error in copying over information. [Doc. No. 1-2, at Col. 1:27-Col. 2:34.]

  Asserted independent Claim 1 claims as follows,

  A communication terminal, comprising:

  a receiver for receiving a formatted message out of a number of pre-defined formatted messages, comprising a message identification code and a plurality of information fields;

  an output device for presenting said formatted message to a user of said communication terminal;

  an input device for responding to said formatted message;

  a memory for storing said formatted message and for storing field-mapping information, said field-mapping information for indicating information to be copied from said formatted message to a response message based on which one of said pre-defined formatted messages was received;

  a processor for creating said response message in response to an indication from said input device of a request to respond to said formatted message, said response message comprising at least one response message information field, wherein information from at least one of said plurality of information fields of said formatted message is copied into at least one of said response message information fields based on said field-mapping information; and

  a transmitter for transmitting said information relating to said response message.

[Doc. No. 1-2, at 120, Col. 9:2-25.]

## IV. Accused Device

Omnitracs accused Platform Science of infringing Claim 1 and dependent claim 5 of the '308 patent with its software "Workflow" application operating on a tablet device that is part of Platform Science's telematics system. The tablet, generally located in the mobile vehicle (e.g., truck cab) is a communication terminal that receives a message from a remote source (e.g., dispatch center) about such matters as deliveries or pickups, etc. The tablet can display the received message, store the content, and provides an input device for the driver to enter information in response and send the response (e.g., keyboard or touch screen, and a transmitter).

In Platform Science's Workflow application, a message is sent to a driver from fleet dispatch that is comprised of a Job with Steps with Tasks & Forms. [Trial Exs. 487 and 1027.] The Job message contains the high level details of the work to be executed. This Job message is not received as a code and was <u>not</u> asserted by Omnitracs as meeting the claim limitation of **a formatted message out of a number of pre-defined formatted messages, comprising a message identification code and a plurality of information fields.** There was no evidence or opinion offered that the Job message is a pre-defined formatted message with a message identification code.

Within the received Job message are one or more Steps, the assigned work sequence. [Id.] The Steps are the stages of the Job. A Step of the Job message is also not received as a code and was <u>not</u> asserted by Omnitracs as meeting the claim limitation of **a formatted message out of a number of pre-defined formatted messages, comprising a message identification code and a plurality of information fields.** There was no evidence or opinion offered that the Steps of the Job message are pre-defined formatted messages with message identification codes.

The Steps of a Job are made up of Tasks. [Id.] Tasks are identified actions to be completed in a Step of the Job sequence. Tasks are the lowest level of a Step and identify singular activities to be completed (e.g., arrival, loading, departure). A Step may have more than one Task. Each Task has an assigned name used by the Job and the Step to call up

the Task and a corresponding Form associated to the Task name that is presented to the user of the communication terminal to indicate the status or completion of the Task. It is a one-to-one correlation. When each Task of a Step is completed, the application moves to the next Step in the Job sequence. [Id.]

### A. Motion for Renewed JMOL

Omnitracs' expert Dr. Kevin Almeroth opined that a Task within a Job message meets the claim limitation of a **formatted message out of a number of pre-defined formatted messages, comprising a message identification code and a plurality of information fields.** A Task name is the identification code for the Task type and its corresponding Form displayed to the user. He further opined that information from at least one of the plurality of information fields of a Task is copied into the Form corresponding to that specific Task, meeting the claim limitation of **information from at least one of said plurality of information fields of said formatted message is copied into at least one of said response message information fields.**

In Dr. Almeroth's opinion a Task in the Platform Science Workflow application meets all the limitations of Claim 1 because it is received by the tablet as a code. He opined that each Task has a plurality of information fields and is received by the tablet with information to populate those fields in a corresponding Form. The Task and the Form however are transmitted as part of the overall Job which sends the information received by the terminal to be displayed to the user.

Missing from his conclusory analysis was any evidence that a Task received by the communication terminal in the form of an identification code within a Job message has a plurality of information fields containing information that is displayed to the user and saved by the communication terminal. There was no evidence that a Task supplies the information from one of those plurality of fields that is used to automatically complete a corresponding response message. He did point to information that was from the hierarchy of the Job message or a Step of the Job message that appeared in an information field of the Form associated with a Task. He did not however assert that the Job message or the

Steps were pre-defined formatted messages received by the communication terminal as an identification code.

Dr. Almeroth's infringement analysis blurred the various components of the Workflow system to build his infringement opinion. A Task was identified as the component of the system that has a pre-defined identification code. But he did not demonstrate that a Task has a plurality of information fields; it is simply an action to be completed. The overall Job and Steps of the Job contain data that is copied into the Form related to a particular Task, but that information was not transmitted to the communication terminal as an information field in a Task.

The Court sent the question of infringement of the '308 patent to the jury, however, the Court finds that the infringement analysis offered by Omnitracs' expert did not cover the limitations of claim. *See Amhil Enterprises LTD v. Wawa, Inc.,* 81 F.3d 1554, 1562 (Fed.Cir. 1996) ("Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly."); *Pfizer, Inc. v. Teva Pharmaceuticals, USA, Inc.*, 429 F.3d 1364, 1376 (Fed. Cir. 2005)("To prove infringement a patentee must show that an accused product or method meets every claim limitation. …").

Dr. Almeroth opined that a Task of the Platform Science Workflow application meets all the claim limitations, however he used other components of the application to meet the missing elements. Considering the testimony and exhibits offered by Omnitracs on this question, the Court finds that there was insufficient evidence for the jury to find that the accused component of the Workflow application, a Task, met all the limitations of the claim.

The Court therefore GRANTS Platform Science's renewed motion for JMOL of non-infringement of the '308 patent.

**B. Motion for New Trial**

Alternatively, The Court GRANTS Platform Science's motion for new trial on the claim of infringement of the '308 patent and damages pursuant to Fed.R.Civ.P. 59. The

evidence, or more specifically the lack of evidence at trial, did not support the infringement opinion of Omnitracs' expert.

The Platform Science Workflow application transmits a Job message to a driver containing a sequence of Steps to complete the Job. Within those Steps are discreet Tasks. Each Task has an associated Form for reporting the status/completion of the Task back to the dispatcher. The Form when viewed by the driver is partially populated with information transmitted in the overall hierarchy of the Job message. Based on this evidence the jury found that Platform Science's Workflow application infringes the asserted claims of the '308 patent by copying information from the incoming message to a form in the application that is transmitted as a response message.

The Court however finds, as set forth above, that this evidence is insufficient to find infringement of the asserted claims. Omnitracs' theory of infringement of the '308 patent specifically identified the Task element of the Job message as a pre-formatted message received by the tablet as an identification code with a plurality of information fields. In accordance with Omnitracs' theory of infringement the Task code is also transmitted to the tablet with information to be populated into the plurality of fields of the Task, to meet the first limitation of the claim. The Task however is a singular event or action in the Step of a Job, and there was no evidence that a Task, unlike the Job message of which it is a subset, is transmitted to the tablet of the driver with multiple information fields and information to populate those fields. It is an action or event that calls up an associated form that is partially populated by information from the Job message and/or the sequence of Steps contained within the Job.

Platform Science's Workflow application is a messaging application for communication between dispatch and drivers. The application includes forms for the user to report the status of a job to dispatch. Fields in the responding form are partially populated with information provided by the received Job message, but this messaging application does not meet the limitations of Claim 1 of the '308 patent.

The Court therefore granted Platform Science's renewed motion for JMOL of non-infringement of the '308 patent. Alternatively, the Court GRANTS Platform Science's motion for new trial on the claim of infringement of the '308 patent and damages pursuant to Fed.R.Civ.P. 59 as the Court finds the jury's verdict of infringement is against the great weight of the evidence.

## V. Conclusion

The Court hereby GRANTS Platform Science's renewed motion for JMOL of noninfringement of Claims 1 and 5 of the '308 patent and vacates the damages award and judgment in favor of Omnitracs and enters judgment for Platform Science.

**IT IS SO ORDERED.**

Dated: December 23, 2024

Hon. Cathy Ann Bencivengo
United States District Judge